(174 App. Div. 310)

## FLEISCHMAN v. FURGUESON.

(Supreme Court, Appellate Division, Second Department.  July 28, 1916.)

1. HUSBAND AND WIFE ⬦279(4)—SEPARATION CONTRACTS—CONSTRUCTION—SUPPORT.

Under a contract between husband and wife on separation, by which she was to receive $8 per week during his life, and on his death, in lieu thereof, such interest in his estate as provided by the intestate laws of Pennsylvania, as though there had been no agreement, and the husband was to have such interest in her estate as provided for in intestacy by the laws of New York, as if there were no agreement, either could do with his property as he chose during life, but neither could dispose of it on death, so as to exclude the other from the statutory intestate interest.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1058; Dec. Dig. ⬦279(4).]

2. HUSBAND AND WIFE ⬦278(5)—SEPARATION CONTRACTS—VALIDITY—CONSIDERATION.

Such contract was supported by the consideration of mutual promises.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1052; Dec. Dig. ⬦278(5).]

3. HUSBAND AND WIFE ⬦278(2)—SEPARATION CONTRACTS—VALIDITY—PUBLIC POLICY.

Such contract was not against public policy.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1046; Dec. Dig. ⬦278(2).]

Appeal from Special Term, Kings County.

Suit by Charles F. Fleischman against Cornelius Furgueson, executor of Marion F. Fleischman, deceased. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

A. F. Van Thun, Jr., of Brooklyn, for appellant.

Thomas A. McKennell, of New York City (Alfred H. Appell, of New York City, on the brief), for respondent.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

THOMAS, J. [1-3] The action is to enforce a contract made between husband and wife, Fleischman by name. The controversy centers about subdivision 7. The wife died, leaving an estate of some $9,000, and the trial court has decided that the husband is entitled to it. The parties separated in January, 1910, and made the agreement in November. Each had a lawyer. Counsel for the husband drew a contract with subdivisions 6 and 7. Counsel for the wife objected to it and proffered sections 6 and 7 as they now are, which brought into the contract the provisions under discussion.

It is the decision that husband and wife each promised the other that the survivor should have such interest in the estate of the other as accrues in case of intestacy; but the wife's taking was to be measured by the laws of Pennsylvania, and the husband's sharing by the laws of New York. The appellant's contention is that the agreement means only that the fact that the parties were separated under agreement that he should pay her $8 per week should not be deemed such willful neglect to provide for her, or such desertion as under the laws of Pennsylvania would work a forfeiture of his interest in her estate if she died intestate, and that the object was to preserve the status quo that would obtain in case either died intestate.

The reason suggested for the provision for the husband does not account for the similar provision for the wife. The wife got the stipulation as her lawyer deemed best for her, viz., that the $8 payment should cease on the husband's death, as it would, and that the wife, in lieu of it, should "receive such interest in" his estate "as provided by the intestate laws * * * of Pennsylvania as though there had not been an agreement." The words "as though there had not been an agreement" may have been inserted from some conception of necessity or caution, but do not seem to have any use. However, I think that we should consider the suggestion that, irrespective of its necessity, the wife's lawyer feared that if the husband died intestate it might be asserted that the agreement would operate to exclude the widow from sharing in the estate. By such interpretation the agreement would mean that, in case the husband died intestate, the wife should take the normal share of a widow in his property.

But that would be a slight assurance to the woman, whose weekly payment of $8 per week would cease, and I cannot believe that her lawyer took so much pains for no useful purpose. It seems more probable that he sought to have her "receive such interest" as the intestacy laws provide. The husband could do what he would do with his property while he lived, but at death he could not exclude her, as his probable feelings towards her would influence him to do. But the wife could hardly expect a bargain that would insure her an interest in her husband's estate in case of his earlier death, and yet exclude him from participating in her estate if he survived her. So it was provided that he should "have such interest in" her estate "as provided for in intestacy under the laws of the state of New York, as if no agreement had existed and the parties hereto lived together, except the same be absolved by proceedings in divorce." The stip-

ulation is that the husband, surviving, shall receive an interest in his wife's estate. What interest? Such as the intestacy laws provide.

But appellant says that, if the wife wills it all away, the law gave him nothing, and that it was intended so to leave it. That construction makes the agreement impotent. She willed him $5, and the rest of the property elsewhere. It chances that she left only personalty, and in the absence of children he takes it all; but, had she left real estate, he would have taken nothing. I conclude that the essence of the contract was that the parties could do what they would with their properties, but that neither could exclude the other from taking what the law would give in case of intestacy. The mutual promises furnished the consideration, and the agreement was not against public policy.

The judgment should be affirmed, but without costs. All concur.